## Miller Estate v. Ohio Casualty Insur. Co.

*N. Christopher Menges*, for plaintiff.

*Patricia A. Butler*, for defendant.

OPINION BY ERB, J., OCTOBER 14, 1981:

Plaintiff has filed a complaint requesting recovery of work loss benefits claimed to be due under the no-fault motor vehicle insurance policy issued by the defendant to the plaintiff's decedent. The complaint alleges that the plaintiff's decedent died on June 22, 1979, as the result of injuries received in a vehicle accident involving a vehicle covered by the defendant's policy.

Defendant, in an answer and new matter, alleges that the estate of a deceased victim is not entitled to work loss benefits, or if so, only if the plaintiff was dependent on the decedent.

Plaintiff has moved for judgment on the pleadings contending that the only issue before the court is a legal determination of whether the plaintiff is entitled to such benefits pursuant to the Pennsylvania No-Fault Motor Vehicle Insurance Act, Act of July 19, 1974, No. 176, 40 P.S. §1009. (hereinafter referred to as the "Act")

As indicated by our court, in *Helen F. Lehman, Administrator of the Estate of Louis A. Lehman v. Keystone Insurance Company*, 79-S-4116, the Supreme Court in *Allstate Insurance Company v. Heffner*,      Pa.    , 421 A.2d 629 and a companion case, *Homer S. Pontius, Administrator of the Estate of Janet A. Pontius deceased v. United States Fidelity and*

*Guaranty Company,* has ruled, even if sub silento, that the estate has standing to sue for work loss under Section 202(b) of the Act as defined by Section 103 of the Act.

Finally, the argument that the plaintiff cannot recover unless she can establish that she was dependent on the decedent has been the subject of injury litigation in the courts. While the determination of dependency has relevance when the request is made for survivor's loss under Section 202(d) of the Act as defined by Section 103 of the Act, it has no relevance to the recovery of work loss under Section 202(b) of the Act.

As pointed out by Judge Emanuel A. Cassimatis, in the *Lehman* case, supra, "work loss," under Section 103 of the Act, is defined as the ". . . loss of gross income of a victim, as calculated by the provision of Section 205 of this act . . .". "Survivor's loss," on the other hand, is defined as the ". . . loss of income of a deceased victim which would probably have been contributed to a number of survivors, if such victim had not sustained the fatal injury: . . .".

The Act refers to dependency only in Section 103, defining "survivor" as the ". . . (A) spouse; or (B) child, parent, brother, sister or relative dependent upon the deceased for support." The Act does not address the standing of a deceased victim's estate or survivors to recover "work loss."

Since the claim in this case is for "work loss" and not for "survivor's loss" we conclude that, since the Act does not require it, there is no need that dependency be shown to establish the claim. This is in keeping with the decision of the latest ruling in *Heagle v. Pa. General Ins. Co.*, Philadelphia Court of Common Pleas, 1745 February Term, 1980.